Lois RUCKER, Appellant,

v.

**BALLWIN FIRE PROTECTION DISTRICT, a corporation, Respondent.**

No. 47331.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 5, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied
July 12, 1984.

Application to Transfer Denied
Sept. 11, 1984.

Elizabeth C. Kennedy, Chopin & Kennedy, St. Louis, for appellant.

Jack J. Cavanagh, Clayton, for respondent.

CRIST, Presiding Judge.

Frank Rucker died while on active duty as Chief of the Ballwin Fire District. He had served the Fire District for 28 years and was 57 years old at the time of his death. His widow, appellant Lois Rucker, brought an action in circuit court to ascertain and declare her rights under the Fire District's pension plan. The Fire District had been paying her retirement benefits. The trial court ordered those discontinued and in place ruled Mrs. Rucker was entitled to death benefits only. We reverse and remand with instructions.

Ordinance 31 established the Fire District's pension plan. Among the stated intentions of the Fire District in adopting the ordinance are the following:

WHEREAS, by the provisions of the aforesaid Chapter, [Ch. 321, RSMo 1978] the Board of Directors of the District is given authority *to provide for the pensioning of the salaried members of the organized fire department of the District, and to provide for the payment of death benefits to the widows and minor children of members* of the organized fire department of the District who lose their lives in the performance of their duties;

WHEREAS, heretofore, after procedures duly had in the manner provided by that Chapter, including popular vote so authorizing, the Board of Directors of the District, under authority so conferred, has made extensive studies in the matter of providing *such pension system and death benefits*, and has determined that the creation of such system and benefits will aid in the provision of better fire protection service to people and property within the District, by aiding the provision and maintenance of an experienced and well-trained staff of the District, and will benefit the members of the staff, and is within the financial ability of the District to provide; (emphasis added).

■ The language clearly indicates the District intended to create two types of benefits by adopting the pension plan: retirement security and death benefits for the widows and families of firemen. This intention manifests itself again in the definitional section of the ordinance:

e. "Group Annuity Contract"—a contract of insurance issued by an insurance company to the District upon a group basis, providing retirement benefits for employees of the District under the Pension System.

f. "Life Insurance Contract"—a contract of insurance, or a series of such contracts, issued by an insurance company to the District, either upon a group basis or on an individual employee basis, as may be, providing death benefits to widows and minor children of respective employees of the District.

Article II of the Ordinance is entitled "Retirement Benefits: Eligibility." It defines employees covered in the pension plan, normal retirement, early retirement, and deferred retirement among other things. The deferred retirement benefit "shall be payable only at his retirement (or death)."

■ Article III is captioned "Retirement Benefits: Amounts." Since Chief Rucker deferred his normal retirement at age 55, his benefit amount is controlled by Section 3.5:

*SECTION 3.5. BENEFIT PAYMENT.* A respective retired employee's retirement benefit shall be paid to him of a life annuity, but with a minimum of one hundred twenty (120) payments guaranteed even if he should die before the passage of one hundred twenty (120) months, any payments after his death to be made to a beneficiary named by him. If the employee retires, and dies before 120 payments have been made to him, the remainder thereof will be made to the beneficiary named by him, in monthly payments beginning on the first day of the calendar month next following the death of the employee, and continuing until the total number of 120 monthly payments has been made. If the beneficiary does

not survive the employee, any remainder of such payments after the death of the employee will be commuted to a single sum by the insurance company or by the District, and paid to the retired employee's executor or administrator. If the beneficiary survives the employee, but does not live to receive up to 120 payments, any remainder thereof will be commuted to a single sum by the insurance company or by the District and paid to the beneficiary's executor or administrator. If an employee has passed normal retirement date, and deferred retirement, but dies before deferred retirement date, and if the beneficiary survives the employee, then the beneficiary shall receive a benefit payable monthly as aforesaid, in an amount equal to the amount which would have been payable to the beneficiary if the employee had retired on the date of his death, but the total number of payments shall not exceed 120.

The last sentence of Section 3.5 covers the exact situation in which appellant Lois Rucker finds herself now. Since she comes within those exact terms, we hold she is entitled to retirement benefits under Section 3.5.

The genesis of this cause of action, however, is Section 3.11. It provides:

SECTION 3.11 EMPLOYEE'S DEATH BEFORE RETIREMENT. If an employee included within the Pension System dies before his retirement, survived by his widow or children, a Service Pension Death Benefit shall be payable: (a) if his widow survives, who had been living with the employee until his death (temporary absences, or absences due to illness, hospitalization or nursing home occupancy to be considered as "living with the employee") she shall be paid a monthly benefit equal to one-half what the employee's estimated normal retirement benefit based on credited service and salary to date of death would have been, as determined by actuarial calculation, beginning with the first day of the calendar month next following the death of the employee, and continuing until her death or remarriage; or (b) if no qualified widow survives, or after the death or remarriage of the widow, if any children of the employee survive, who have not reached their eighteenth birthday, they shall be paid a monthly benefit calculated in the same manner as the widow's benefit, but 100% of what the employee's normal retirement would have been, and not only half, in equal shares, monthly on the first day of the calendar month next following the death of the employee, or the death or remarriage of the widow, and continuing until the first day of the month the youngest of them shall reach his or her eighteenth birthday (the older of them ceasing to receive any share on reaching respective eighteenth birthdays), or until the death of such child or children before reaching his or her eighteenth birthday. The total benefits payable hereunder as aforesaid shall in no event exceed the actuarial equivalent of one hundred times the normal retirement benefit.

"Service Death Pension Benefits" are premised on an included employee dying "before his retirement, survived by his widow or children...." Fire District submits this Section, when read with Section 3.5, creates an ambiguity, thus calling for an analysis of the District's intention in passing the ordinance.

■ First, we find no such ambiguity necessitating interpretation. The language is clear as to benefits provided under both Sections. If Fire District had intended a different plan, it did not express it. Chief Rucker was an employee included within the Pension System. He died before his retirement. Lois Rucker, his widow, survived. Since appellant comes within the provisions of Section 3.11, we hold she is entitled to benefits under that Section as well as benefits under Section 3.5.

We would reach the same result if we chose to consider Fire District's intention rather than apply its unambiguous language. The Pension Plan was intended to provide for retirement security and to aid widows and dependent minors. The retirement benefits under Section 3.5 are payable to a beneficiary designated by the

employee. The beneficiary could be anyone. The death benefits payable under Section 3.11 accrue only to widows and dependent minors. Thus Section 3.11 evinces a purpose different from the retirement security provided in Section 3.5. Lois Rucker meets the terms of Section 3.11; she is entitled to benefits thereunder.

Fire District, in its brief, argues, "the intent of the Ordinance was to give a person's widow one-half of the benefits to persons who had not retired and had not reach (sic) *normal* retirement age." (Emphasis added.) If this was the intent of the Fire District, it could have expressed it in Section 3.11 by adding the word "normal" before retirement as it now seeks us to do on appeal. We refuse to re-write the ordinance in this fashion. Instead, by applying the terms of the ordinance, we conclude Lois Rucker is entitled to benefits under both Section 3.5 and Section 3.11.

The decision of the trial court is reversed and the case is remanded for entry of judgment consistent with this opinion.

PUDLOWSKI and SIMON, JJ., concur.